UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                             **MEMORANDUM OPINION AND ORDER**
                                                             Crim. No. 14-20 (08) (MJD)

Sergio Nunez-Hernandez,

    Defendant.
_____

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

    Michael C. Hager, Counsel for Defendant.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 882]

**I.      Background**

Defendant pleaded guilty to Count 1 of the Superseding Indictment which charged Conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 100 grams or more of a mixture and substance containing a detectable amount of heroin, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  On January 21, 2016,

1

Defendant was sentenced to term of imprisonment of 120 months, with no supervision to follow. He is currently serving his sentence at the Reeves I & II, Correctional Institution in Pecos, Texas, and his release date is April 27, 2024.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13. Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such

relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

On July 14, 2020, Defendant submitted a request for compassionate release based on his medical conditions which put him at risk for developing serious illnesses from COVID-19, and that he was experiencing shortness of breath. His request was denied on July 22, 2020 due to the fact he is subject to an active ICE Detainer. (Doc. No. 882-1.) A removal hearing has been scheduled for December 4, 2020. (Doc. No. 907.)

3

Defendant's motion is based on his concerns that if he is exposed to COVID-19, he suffers from chronic health conditions that increase his risk of serious illness, including obesity, high blood pressure, hyperlipidemia, sleep apnea, short breathing, developing asthma, high cholesterol, anxiety and depression. He claims that the prison facility where he is housed does not provide him adequate medical care.

Defendant further asserts that he has a release plan in place to reside with a relative in Minnesota or a half-way house close to family in Minnesota, and that he has a large family for which he is responsible. He notes that while on pretrial release for approximately one and one-half years, he abided by all conditions of release.

Defendant further claims that while serving his sentence, he has incurred no disciplinary record and has participated in a number of courses in prison, including courses to improve his career skills.

The government asserts that with the exception of his claim that he suffers from shortness of breath, Defendant has not exhausted his administrative remedies because he did not include in his request to the Warden the other medical conditions raised in this motion. Based on the record before it, it is clear

that the prison facility would have been aware of Defendant's medical history as it had access to his prison medical records. Those records clearly indicate that Defendant had issues with hyperlipidemia, anxiety disorder, sleep apnea, obesity and unspecified chest pain. Accordingly, the Court finds that Defendant's request to the Warden is sufficiently similar to the motion before the Court such that the Court can find he has exhausted his administrative remedies. See United States v. Gluzman, 7:96-cr-323, 2020 WL 4233049, at *11-12 (S.D.N.Y. July 23, 2020) (finding § 3582(c)(1)(A) contains no requirement that the basis for a motion for compassionate release must be identical to the basis of the defendant's request to the warden).

As to the merits of Defendant's motion, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions to warrant relief. While his medical records indicate that Defendant has been identified as having issues with hyperlipidemia, high cholesterol, anxiety, sleep apnea and obesity, those records further indicate Defendant is receiving appropriate medical attention to those conditions.

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with

symptoms of COVID-19 and those who come into contact with them.  <u>See</u> www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, Reeves I & II, CI, reports one current case involving an inmate, one death of an inmate, and that 12 inmates have recovered.

    Defendant has also failed to demonstrate that he is no longer a danger to the community.  Defendant was convicted of conspiracy to distribute a significant amount of controlled substances; over 700 grams of heroin and 7 pounds of methamphetamine.  He was the highest ranking member of the drug conspiracy in Minnesota and recruited others to take the risks of possessing the drug.  Given his role in this offense conduct, which inevitably caused devastation to the community in which the drugs were sold, Defendant poses a danger to the community.  <u>See</u> <u>United States v. Cantu</u>, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

    A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  A sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law or provide a just punishment.  In addition, Defendant has only served a little more than one

half of his 120 month sentence, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 882] is **DENIED**.

Date:   November 12, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court
