UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.       **MEMORANDUM OF LAW & ORDER**
         Case No. 14-cr-20(8) (MJD/TNL)

SERGIO NUNEZ-HERNANDEZ,

    Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Sergio Nunez-Hernandez is *pro se*.

## I. INTRODUCTION

This matter is before the Court on Defendant Sergio Nunez-Hernandez's second Motion for Compassionate Release. (Doc. 933.) The Government has responded to Defendant's Motion. (Doc. 943.) For the reasons stated below, the Court will deny Defendant's Motion.

## II. BACKGROUND

On April 16, 2015, Defendant pled guilty to Count 1 of a Superseding Indictment charging him with conspiracy to distribute 500 grams or more of a

1

mixture and substance containing a detectable amount of methamphetamine, 100 grams or more of a mixture and substance containing a detectable amount of heroin, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (Doc. 437.)

On January 21, 2016, the Court sentenced Defendant to a term of imprisonment of 120 months, with no term of supervised release to follow.  (Doc. 580.)  Defendant is currently serving his sentence at FCI Fort Dix.  His anticipated release date is April 27, 2024.

Defendant first sought compassionate release from this Court in August 2020.  (Doc. 882.)  The Court denied Defendant's first motion.  (Doc. 908.)

## III.   DISCUSSION

### A.   Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), the court may, in limited circumstances, grant a defendant's motion to reduce his or her term of federal imprisonment. The Court may grant such a motion if it finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  Id.

The First Step Act of 2018 modified the procedure for compassionate release.  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law allows defendants, in addition to the BOP, to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the BOP, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

Although the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 is "not dispositive," the Court may consider it in determining if extraordinary and compelling circumstances exist.  United States v. Croud, No. CR 18-116 (JRT/LIB), 2022 WL 17584413, at *2 (D. Minn. Dec. 12, 2022).  The Commission's policy statement provides that a court may reduce a term of imprisonment if, after considering the relevant § 3553(a) factors, it determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; or

3

> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The commentary to this policy statement also defines "extraordinary and compelling reasons" due to "family circumstances" as follows:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. 1(C).

### B.    Defendant's Motion for Compassionate Release

Defendant argues that he is entitled to compassionate release on five grounds: (1) he argues his sentence should be reduced because he is a non-citizen; (2) he argues his children are facing difficult circumstances at home that require his assistance; (3) he argues he has been rehabilitated and poses a low

4

risk of recidivism; (4) he argues his sentence was excessive; (5) he argues the risks posed by the COVID-19 pandemic justify his early release. (Doc. 933.)

Defendant also alleges that he has adequately exhausted his potential remedies before the BOP in accordance with 18 U.S.C. § 3582(c)(1)(A) by presenting his motion to the warden at his former BOP placement in Pecos, Texas on or about January 10, 2022. (Doc. 933 at 9.) The Government disagrees and argues Defendant has not exhausted his remedies before the BOP because Defendant raised new issues in his present Motion that he did not raise with the BOP. (Doc. 943 at 5–6.)

The Court is unable to resolve the parties' arguments regarding exhaustion because Defendant has not provided the Court with a copy of the motion he presented to the BOP in connection with the present Motion. (See Doc. 933.) The Government only cites to a copy of the initial request Defendant presented to the BOP in connection with his first motion for compassionate release. (Doc. 943 (citing Doc. 882-1).) But the Court need not resolve this exhaustion issue because, as explained below, Defendant has not raised any grounds for compassionate release on the merits in his renewed Motion.

5

IV. The first and fourth grounds for compassionate release Defendant raises in his Motion are attempts to relitigate his initial sentence. Defendant argues the Court should have given him a lower sentence because he is a non-citizen and that his sentence is unjust in light of unspecified changes to drug trafficking laws. Without more, such arguments fail to identify the type of "extraordinary and compelling" reasons that are properly the subject of compassionate release motions under 18 U.S.C. § 3582(c)(1)(A). See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) ("The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy."); see also United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020).

The Court finds that the difficult circumstances that three of Defendant's children are experiencing also do not qualify as "extraordinary and compelling" reasons justifying compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Although the circumstances Defendant describes regarding his three children are unfortunate, Defendant does not argue that the children's caregiver has died or become incapacitated. See U.S.S.G. § 1B1.13, cmt. 1(C). Defendant also does not explain what he could do to improve his children's circumstances if the Court

6

were to release him early.  Further, and as the Government noted in its response to Defendant's Motion, Defendant has not submitted any evidence to the Court in support of his allegations regarding his children's circumstances.  (Doc. 943 at 9.)

Next, the Court finds that Defendant's allegations concerning his rehabilitation while in prison and the low risk of recidivism he now poses also cannot justify compassionate release.  As Defendant acknowledges, under 28 U.S.C. § 994(t), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  Defendant's lack of a disciplinary record while in custody and his efforts to better himself are commendable, but these facts alone cannot justify compassionate release under 28 U.S.C. § 994(t).  See United States v. Saleh, No. 93-cr-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("every inmate should strive for a productive institutional record while incarcerated because that is what is expected").  Because the Court finds that Defendant has failed to raise any other sufficient grounds for compassionate release, the Court will not grant Defendant's motion based on his rehabilitation efforts either.

7

As for Defendant's alleged low risk of recidivism, the Government points out that Defendant played a significant role in a drug trafficking organization as part of his underlying offense. (Doc. 943 at 1–2.) The Court's initial sentence was intended, in part, to protect the community from such conduct. Thus, the Court finds no reason to alter its initial assessment regarding the danger Defendant poses to the community and release Defendant back into the community earlier than it initially determined was appropriate. See U.S.S.G. § 1B1.13(2) (asking courts to consider whether a "defendant is not a danger to the safety of any other person or to the community" in connection with motions for compassionate release); see also United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

Finally, the Court assessed Defendant's claimed medical conditions in his initial motion for compassionate release and found them to be insufficient to justify compassionate release even considering the risks posed by the COVID-19 pandemic. (See Doc. 908.) Defendant raises no new health conditions in his present Motion and vaccines and treatments for COVID-19 have advanced considerably since Defendant filed his first motion. (Doc. 933.) Defendant's

current BOP placement, FCI Fort Dix, only has three confirmed cases of the virus at this time, according to the BOP's website.  BOP, <u>COVID-19: Coronavirus</u>, https://www.bop.gov/coronavirus/ (last accessed Jan. 9, 2023).  To add to these facts, the Eighth Circuit has stated that "the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence."  <u>United States v. Marcussen</u>, 15 F.4th 855, 858 (8th Cir. 2021).  Thus, Defendant's generalized concerns about the risks of the COVID-19 pandemic cannot serve as a basis for compassionate release either.  Accordingly, the Court finds that Defendant has not identified an extraordinary and compelling medical reason to justify compassionate release.

## ORDER

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence (Compassionate Release) Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 933) is **DENIED**.

Dated:  March 7, 2023                              s/Michael J. Davis
                                                   Michael J. Davis
                                                   United States District Court

9